Verdict set aside.

---

FISHER v. MEYER and others.

(*Circuit Court, S. D. New York.* May 20, 1882.)

CONSPIRACY—ACTION FOR DAMAGES—VERDICT.

The verdict of the jury, on a trial in a civil action for damages, will be regarded, on motion to set it aside, as an affirmative finding upon the issues which were presented for their determination. So, where the verdict was for a large amount against two of the defendants, and for but nominal damages against the third defendant, such defendant is not injured by the finding of nominal damages against him, and cannot have the verdict set aside even though it was inconsistent with the charge of the court.

*W. G. Willson,* for plaintiff.

*Joseph H. Choate,* for defendant.

SHIPMAN, D. J. This is a civil action to recover damages for a conspiracy. The jury returned a verdict in favor of the plaintiff for

a large sum against two of the defendants, and for $100 against the defendant R. S. Newcomb. He now moves to set aside the verdict against him upon the ground that it is an illogical and inconsistent verdict; that it shows, and the fact was, that the jury did not find that the allegations of the complaint in regard to him were true, for if they had found that he committed the acts charged in the complaint they were bound, under the charge of the court, to render a verdict for a very large sum.

I think that I am obliged to regard the verdict of the jury for the plaintiff as an affirmative finding upon the issues which were presented for their determination. If it is permitted either to assume or to prove that the jury did not find what the verdict says they did find, the result of trials by jury will be thrown into great confusion. Starting from the position that the jury meant to find the issues for the plaintiff, and not merely that a certain sum of money should be paid to him without regard to the cause of action which was set forth in the complaint, it is true that the verdict against Mr. Newcomb was an inconsistent one, because, under the charge of the court, if he committed the acts charged in the complaint, he was liable in a much larger sum than the jury gave. If the plaintiff had moved to set aside the verdict as against Mr. Newcomb, a serious question would have been presented, for it is manifest that the verdict was not, in its amount, in accordance with the charge. But if the plaintiff is satisfied with the verdict, I do not think that it should be set aside upon the motion of the defendant. He is not injured by the fact that it was for nominal damages, when it should have been for a very large sum if the jury found the issue against him, and it is not permitted to me to infer that the verdict was not an affirmative finding upon the issues which were presented.

The motion is denied.